UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-MC-81945-AMC

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE
FARM FIRE & CASUALTY COMPANY,

          Plaintiff,

vs.

HELDO GOMEZ, JR.,

          Defendant.

_____/

**REPORT AND RECOMMENDATION ON ANSWERS TO WRITS OF GARNISHMENT AND DEMANDS FOR PAYMENT OF ATTORNEYS' FEES [ECF No. 13, 19]**

State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company ("State Farm") holds a Final Judgment against Heldo Gomez, Jr. for $750,000.00. ECF No. 5. To partially collect the judgment, State Farm requested, and the Court issued, writs of garnishment after judgment pursuant to Federal Rule of Civil Procedure 69, Local Rule 7069-1, and Florida Statutes §§ 77.01 *et seq*. ECF Nos. 5, 8. As relevant here, Bank of America, N.A. ("BOA") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") were served with writs on September 21, 2023.[1] ECF Nos. 8 at 3-6, 10, 11. Both garnishees timely answered the writs and

---

[1] Writs were also issued to J.P. Morgan Chase Bank, N.A. (ECF No. 8 at 1-2) and First-Citizens Bank & Trust Company (*Id*. at 7-8). Those writs are not addressed in

demanded payment from State Farm for their attorneys' fees pursuant to Florida law. ECF Nos. 13, 19; Fla. Stat. § 77.04 (requiring garnishee to serve an answer within 20 days after service of the writ). State Farm did not reply to either Answer.

## ANSWERS TO WRITS

1. *BOA Answer – ECF No. 13*

BOA filed its Answer to the writ on September 22, 2023. ECF No. 13. The Answer said BOA was not indebted to Mr. Gomez at the time of service of the writ, at the time of its Answer, and at all times between service and its Answer. It also said that BOA did not have in its possession or control any other tangible or intangible personal property of Mr. Gomez. Finally, BOA demanded payment of the $100 statutory fee for part payment of its attorney's fees pursuant to Florida Statute § 77.28.

State Farm's reply to the Answer was due on October 12, 2023. *See* Fla. Stat. § 77.061 (requiring plaintiff to serve a reply within 20 days after the garnishee answers if plaintiff is not satisfied with the answer). To date, no reply has been filed.

2. *Merrill Lynch Answer – ECF No. 19*

Merrill Lynch filed its Answer to the writ on October 11, 2023. ECF No. 19. The Answer said that as of the time of service of the writ, Merrill Lynch identified no accounts in the name of Mr. Gomez. It also said Merrill Lynch has no other tangible

---

this Report and Recommendation.

or intangible personal property of Mr. Gomez in its possession or control. Finally, Merrill Lynch demanded payment of its attorney's fees pursuant to Florida Statute § 77.28.

State Farm's reply to the Answer was due on October 31, 2023. *See* Fla. Stat. § 77.061. To date, no reply has been filed.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 69(a), "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes." *Michael Grecco Productions, Inc. v. SofferSapp LLC*, No. 16-24966-CIV, 2021 WL 4147740, at *2 (S.D. Fla. Sept. 13, 2021) (J. O'Sullivan) (citation omitted).

  A. *Garnishees' Entitlement to $100 Statutory Fee*

Pursuant to Florida Statute § 77.28, the party applying for a writ of garnishment "shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ." Fla. Stat. § 77.28; *see also Michael Grecco Productions, Inc.*, 2021 WL 4147740, at *3. BOA and Merrill Lynch demanded payment of the statutory attorney fee. State Farm did not challenge their entitlement to the fee. Accordingly,

3

BOA and Merrill Lynch are each entitled to payment of the $100 statutory attorney fee from State Farm. *See id*.

B. *Discharge of Further Liability*

Pursuant to Florida Statute § 77.061:

> When any garnishee answers and plaintiff is not satisfied with the answer, he or she shall serve a reply within 20 days thereafter denying the allegations of the answer as he or she desires. On failure of plaintiff to file a reply, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ.

Fla. Stat. § 77.061.

As stated above, BOA and Merrill Lynch answered that they do not have possession or control of property belonging to Mr. Gomez. Because State Farm has not replied to the Answers, the Answers are taken as true. Given that there are no assets to dispose of, the Court finds that BOA and Merrill Lynch are "entitled to an order discharging [them] from further liability under the writ." Fla. Stat. § 77.061; *see also Michael Grecco Productions, Inc.*, 2021 WL 4147740, at *4.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court:

1. Order State Farm to pay the statutory fee for part payment of attorney's fees, in accordance with Florida Statute § 77.28, to BOA's counsel at: The Noa Law Firm, P.A., P.O. Box 941958, Miami, Florida 33194.

2. Order State Farm to pay the statutory fee for part payment of attorney's fees, in accordance with Florida Statute § 77.28, to Merrill Lynch's counsel

   at: McGuireWoods LLP c/o Jason Bowyer, Esq., 50 North Laura Street, Suite 3300, Jacksonville, Florida 32202.

3. Discharge BOA and Merrill Lynch from any further liability under the Writs of Garnishment.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 9th day of November 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE