UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-MC-81945-AMC

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE
FARM FIRE & CASUALTY COMPANY,

        Plaintiff,

vs.

HELDO GOMEZ, JR.,

        Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO DISSOLVE WRITS OF GARNISHMENT [ECF No. 25]**

Defendant, Heldo Gomez, Jr., moves to dissolve writs of garnishment served on J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") and First-Citizens Bank & Trust Company ("FCB") by State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company ("State Farm") ("Motion").[1] ECF No. 25. I have reviewed the Motion, State Farm's response, and Mr. Gomez's reply. ECF Nos. 25, 36, 39. I also conducted a status conference on December 14, 2023. ECF No. 44. For the reasons stated below, the Motion is denied.

---

[1] The J.P. Morgan writ and FCB writ are collectively referred to as the "Writs."

## BACKGROUND AND PARTIES' ARGUMENTS

State Farm holds a Judgment against Heldo Gomez, Jr. for $750,000.00 ("Judgment"). ECF No. 5 at 2. As relevant here, J.P. Morgan and FCB were served with the Writs on September 21, 2023. ECF Nos. 8 at 1-2, 7-8; 9; 12. Both garnishees timely answered the Writs. ECF Nos. 14, 15; *see* Fla. Stat. §77.04 (requiring garnishee to serve an answer within 20 days after service of the writ). FCB's answer to the writ stated that it held $4,860.72 in an account in the name of "Heldo Gomez." ECF No. 14. J.P. Morgan's answer to the writ stated that it retains $46,554.17 in an account in the name of "Heldo Gomez, Jr. or Heldo Gomez, Sr." ECF No. 15.

State Farm timely served a copy of the garnishees' answers and "Notice to Defendant of Right to Dissolve Writ" to Mr. Gomez. ECF No. 17, 18; *see* Fla. Stat. §77.055 (requiring plaintiff to serve certain documents on defendant and any other person disclosed in the garnishee's answer to have any ownership interest in the account controlled by the garnishee, within 5 days after service of the garnishee's answer). State Farm also timely served a copy of J.P. Morgan's answer and "Notice to Defendant of Right to Dissolve Writ" to Heldo Gomez, Sr. ECF No. 17; *see* Fla. Stat. §77.055.

Thereafter, Mr. Gomez filed the instant Motion. Mr. Gomez argues that the Writs must be dissolved because the United States of America Internal Revenue Service ("IRS") has a superior interest in the funds held by both garnishees by virtue of a Notice of Filing Tax Lien that predates the garnishment liens. ECF No. 25. He

2

further argues that the J.P. Morgan writ must be dissolved because J.P. Morgan's answer reflects that the account is held jointly by Mr. Gomez and Heldo Gomez, Sr. *Id*.

State Farm responds that the Motion does not allege an appropriate basis to dissolve the Writs. ECF No. 36. First, State Farm argues that Florida Statute §77.07 allows a defendant to move to dissolve a writ only on the basis that an allegation in the plaintiff's motion for writs is untrue; it says the Motion does not allege any falsities in State Farm's request for a writ. *Id*. Second, State Farm argues that Florida law provides a procedure for third parties to make a claim to the property held by the garnishees but no third party has done so, here. *Id*.

Mr. Gomez replies that State Farm's motion for writs was sealed at the time he was required to file his motion to dissolve the Writs, but that the Motion nonetheless denies that the funds subject to the Writs constitute property that is subject to execution and payment to State Farm because the funds are subject to the superior lien rights of the IRS and to the extent the funds are not the property of Mr. Gomez.[2] ECF No. 39. He further argues that State Farm has not shown that it provided notice of the garnishment proceedings to the IRS. *Id*.

---

[2] Notably, the record reflects that State Farm served Mr. Gomez with a copy of the sealed motion for writs of garnishment on September 23, 2023, more than a week before Mr. Gomez was served with the garnishees' answers. ECF Nos. 16, 17, 18.

3

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 69(a), "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes." *Michael Grecco Productions, Inc. v. SofferSapp LLC*, No. 16-24966-CIV, 2021 WL 4147740, at *2 (S.D. Fla. Sept. 13, 2021) (J. O'Sullivan) (citation omitted). "It is fundamental that garnishment statutes must be strictly construed." *Solorzano v. M.I. Quality Lawn Maint., Inc.*, No. 10-20975-CIV, 2013 WL 12244290, at *2 (S.D. Fla. Dec. 16, 2013) (J. Simonton) (quoting *Williams v. Espirito Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. 3d DCA 1995)).

A "request to dissolve [a writ] may be made in either of two ways: (1) on motion of the debtor challenging the truth of the allegations in the creditor's petition for the writ, *see* § 77.07, Fla. Stat. (2001); or (2) on an affidavit of a third party claiming the garnished property belongs to the third party and not the debtor." *Merriman Invs., LLC v. Ujowunda*, 123 So. 3d 1191, 1193 (Fla. 3d DCA 2013) (citing §77.16, Fla. Stat. (2001)). "Absent a valid basis to dissolve the writ under Florida's statutory scheme, the Court must deny Defendants' motion to dissolve." *Solorzano*, 2013 WL 12244290, at *2.

Heldo Gomez Sr.'s potential ownership of the funds in the J.P. Morgan account is not a basis to dissolve the J.P. Morgan writ. The record reflects that State Farm

served Heldo Gomez Sr. with a copy of J.P. Morgan's answer on October 4, 2023. ECF No. 17. To date, Heldo Gomez Sr. has not filed an affidavit, or otherwise sought to dissolve the writ, and it is now too late for him to do so. *See* Fla. Stat. §77.07(2) (affording any person having an ownership interest in the property disclosed by the garnishee's answer 20 days after notice of the answer to serve a motion to dissolve the garnishment). Because Heldo Gomez, Sr. has not filed an affidavit, his potential ownership of the J.P. Morgan account is not a basis to dissolve the writ. *See Merriman Invs., LLC*, 123 So. 3d at 1193 (holding that plaintiff lacked standing to assert a claim to garnished wages on behalf of third party where third party did not file an affidavit or otherwise intervene to assert its interest in the wages); *see also HPC US Fund 1, L.P. v. Wood*, No. 13-61825-CIV, 2016 WL 4441582, at *2 (S.D. Fla. July 13, 2016) (J. Hopkins).

The IRS's alleged superior interest in the funds held by the garnishees is likewise not a basis to dissolve the Writs because the existence of the IRS's interest does not render an allegation in State Farm's motion for writs untrue. Mr. Gomez's principal argument is that the IRS' interest in the funds renders the following allegation in State Farm's motion for writs untrue: "Upon information and belief, Defendant has deposited funds that may satisfy part of the Judgment with the following [ ] banks… J.P. Morgan Chase Bank, N.A.… First-Citizens Bank & Trust Company…" ECF No. 39 at 1 (citing ECF No. 5 at 2, ¶7). Even assuming the IRS has an interest in the funds held by the garnishees, the IRS' interest in the funds does

5

not render State Farm's statement that the garnishees *may* have funds that satisfy part of the Judgment untrue. Importantly, Mr. Gomez does not argue that any other allegation in the motion for writs is untrue. For example, Mr. Gomez does not challenge State Farm's allegations that it has a Judgment against Mr. Gomez or that the Judgment remains unsatisfied. Accordingly, Mr. Gomez has not alleged that an allegation in the motion for writs is untrue.

To the extent Mr. Gomez argues that the Writs should be dissolved simply because the IRS has an interest in the funds held by the garnishees, that argument fails. Mr. Gomez does not cite, and the Court has not found, any authority which holds that a writ of garnishment may be dissolved on the basis that a third-party creditor, not involved in the garnishment proceedings and not disclosed by the garnishees' answers, may have an interest in the funds sought to be garnished or on the basis that a creditor was not provided notice of the garnishment proceedings.[3] Because Mr. Gomez has failed to provide a valid basis to dissolve the Writs under Florida's statutory scheme, his Motion to Dissolve must be denied. *See Solorzano*, 2013 WL 12244290, at *2.

---

[3] Notably, State Farm conceded at the December 14, 2023, status conference that to the extent the IRS has any interest in the J.P. Morgan and FCB accounts, State Farm would take the funds in those accounts subject to the interest of the IRS.

## **CONCLUSION**

For the reasons stated above, the Motion (ECF No. 25) is **DENIED**. State Farm's Motion for Final Judgments of Garnishment against J.P. Morgan and FCB remains pending before the Court.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 2nd day of January, 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE